By: Susan M. Boltz Rubinstein,
Pro Se
By: Eran Rubinstein, Pro Se
3444 Wiltshire Road
Furlong , PA 18925
(215) 379-5599

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERMAN DEVALERIO PEASE ) | |
| TABACCO BURT & PUCILLO, ) | |
| Plaintiff ) | |
| v. ) | CIVIL ACTION NO. 07-12127 PBS |
| ERAN RUBINSTEIN, et al. ) | |
| Defendants ) | |
| ) | |

**DEFENDANTS' OPPOSITION  TO THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE SOROKIN, DATED FEBRUARY 8, 2008  ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

## I.  PROCEDURAL HISTORY

Defendants' Motion to Dismiss Pursuant to FRCP 12 for Lack of Personal Jurisdiction Over Defendants Or In The Alternative for Transfer of Venue to the United States District Court for the Eastern District of Pennsylvania was filed on November 19, 2007. (Docket Entry # 9). The instant case was referred to Magistrate Judge Leo T. Sorokin by the Honorable Patti B. Saris on December 6, 2007 for, *inter alia*, a Report and Recommendation on Defendants' Motion. On February 8, 2008 Magistrate Judge Leo T. Sorokin issued a recommendation that Defendants' Motion be denied. (Docket Entry #41).

As grounds for their motion, Defendants, Eran Rubinstein and Susan Boltz Rubinstein (hereinafter, the "Rubinsteins"), argue: (1) Plainitff's standing to bring this case in this district is highly questionable; (2) the Eastern District of Pennsylvania is a more convenient forum for all

1

of the Rubinsteins' non-party witnesses, in terms of time, expense, and most importantly, amenability to judicial process; (3) the plaintiff's witnesses who are its employees will presumably appear to testify at their employer's direction, and will be no more inconvenienced by a trial in Pennsylvania than in Massachusetts. (4) Plaintiff itself lists non-employee witnesses who are not amenable to the judicial process of this jurisdiction. Plaintiff has identified five attorneys in Philadelphia, Gregory T. Magarity, Esquire and three partners at Conrad O'Brien Gellman & Rohn, P.C.; Patrick Coughlin a partner at Coughlin Stoia with offices in New York, Philadelphia and California; and three partners at the New York City law firm of Kaplan, Fox & Kilsheimer, LLP[1];[2] and (4) the interests of justice weigh in favor of transfer.

The Plaintiff law firm, "Berman DeValerio Pease Tabacco Burt & Pucillo", opposed the Rubinsteins' motion, asserting that the Rubinsteins failed to make a sufficient showing to warrant transfer. (Docket Entry # 12). The Rubinsteins filed a reply to Plaintiff law firm's opposition to the motion to transfer. (Docket Entry # 16 ).

## II.   FACTS

Plaintiff purports to be a "general partnership" in Massachusetts, and holds itself out as a national securities class action firm. (Docket Entry # 1, Exhibit A thereto, p.1, and see www.bermanesq.com)  The Rubinsteins, two Pennsylvania residents, are also securities class action attorneys. Plaintiff brought this action against the Rubinsteins alleging Breach of Contract,

---

[1] It is *highly* questionable that any parties of Kaplan, Fox will testify favorably for Plaintiff especially given that Kaplan, Fox represented Frank Farina, Esquire of Philadelphia, in a lawsuit brought by Plaintiff against him. Farina is a witness for Plaintiff in this case, and, another former Of Counsel to Plaintiff, who was sued by Berman, DeValerio & Pease, LLP, Norman Berman and Glen DeValerio for $99,999.000. See Exhibit "A" attached hereto. Farina, like Defendants, was first sued in Massachusetts state court and, like Defendants, removed the action to federal court.

[2] See Plaintiff's Initial Disclosures, redacted for confidentiality, dated February 15, 2008, attached hereto as Exhibit "B".

Procuring Breach of Contract, Interference With Advantageous Business Relations, Breach of

Fiduciary Duty, and Money Had and Received. (*Id.*). Shortly after Plaintiff initiated this suit, the

Rubinsteins brought an action against Plaintiff in the Eastern District of Pennsylvania, captioned

as Rubinstein, et al v. Berman DeValerio Pease Tabacco Burt & Pucillo, et al, 2:2007cv04928

and alleging Breach of Contract, Fraud in the Inducement, Detrimental Reliance, Slander and

Libel, Tortious Interference With Plaintiff's Business Relations and Contracts, and Wrongful

Discharge. Defendants' Rule 12 Motion to Dismiss or Transfer the Pennsylvania to this Court

has been stayed without prejudice pending resolution of Defendants' Rule 12 Motion in this

Court. (Docket #12, Exhibit A, Pennsylvania Complaint).

### III.    ARGUMENT

#### 1.  Plaintiff Lacks Capacity to Bring Suit Against Defendants

As argued before Magistrate Sorokin at the January 30, 2008 hearing, as a threshold

issue, Plaintiff lacks capacity to sue the Rubinsteins. The contract that underlies this action was

entered into by the Rubinsteins and "Berman DeValerio Pease Tabacco Burt & Pucillo." The

Rubinsteins were subsequently sued in this action by "Berman DeValerio Pease Tabacco Burt &

Pucillo." In its complaint, "Berman DeValerio Pease Tabacco Burt & Pucillo" purports to be a

"general partnership." (Docket Entry # 1, Exhibit A thereto, p.1)  However, as set forth below,

Plaintiff lacks capacity to bring suit against Defendants.

### A. "Berman DeValerio Pease Tabacco Burt & Pucillo" Is Not A Legal Entity And Is Comprised Of Three Entities Masquerading As A National Law Firm

#### 1. "Berman DeValerio Pease Tabacco Burt & Pucillo"

"Berman DeValerio Pease Tabacco Burt & Pucillo" is not a registered legal entity in Massachusetts. See Exhibit "C" attached hereto. Moreover, there is no fictitious name registration for "Berman DeValerio Pease Tabacco Burt & Pucillo" in Massachusetts. See Exhibit "D" attached hereto.

#### 2. "Berman, DeValerio & Pease, LLP"

"Berman, DeValerio & Pease, LLP" is listed as an active professional limited liability partnership registered in the Commonwealth of Massachusetts. For at least the last five years, two named partners, Norman Berman and Glen DeValerio, authored and certified Annual Reports on behalf of the firm partners of "Berman, DeValerio & Pease, LLP." The annual reports are on letterhead of "Berman, DeValerio & Pease, LLP" listing "Berman DeValerio Pease & Tabacco, P.C." as "Of Counsel." No mention is made of Plaintiff, "Berman DeValerio Pease Tabacco Burt & Pucillo," its purported named partners Burt and/or Pucillo, or of such entity itself.  See Exhibit "E" attached hereto.

#### 3. "Berman DeValerio Pease & Tabacco, P.C."

As mentioned above, on its letterhead submitted to the Massachusetts Corporations Division,"Berman, DeValerio & Pease, LLP" lists "Berman DeValerio Pease & Tabacco, P.C." as "Of Counsel." "Berman DeValerio Pease & Tabacco, P.C." is an active (since September 7, 1995) California professional corporation in San Francisco, CA 94104. Again, no mention is made

of Plaintiff, "Berman DeValerio Pease Tabacco Burt & Pucillo," its purported named partners Burt

and/or Pucillo, or of such entity itself. See Exhibit "F" attached hereto.

### 4.   "Burt & Pucillo, LLP"

Burt & Pucillo, LLP is a registered limited liability partnership in the State of Florida. As of

December 20, 2007 a fictitious name "Berman DeValerio Pease Tabacco Burt & Pucillo was

registered in Palm Beach, Florida. The ownership list includes C. Oliver Burt, Michael J Pucillo,

Norman Berman, Peter Pease, Jeffrey Block, Leslie Stern, Glen DeValerio, Kathleen Donovan-

Maher, Wendy H. Zoberman, R. Scott Palmer, Nicole Lavalee, Joseph Tabacco, and Christopher T.

Heffelfinger.  From 2002 to 2007 the owners of the registered fictitious name had been C. Oliver

Burt and Michael J Pucillo.[3] See Exhibit "G "attached hereto.

### B.  In Massachusetts A Partnership Cannot Sue In Its Own Name

Even if "Berman DeValerio Pease Tabacco Burt & Pucillo" were a registered

partnership, it would not have standing under Massachusetts law to have brought the instant

suit. In fact, Glen DeValerio, named partner of Plaintiff, argued this issue before this District

in Randle v. Spectran, which holds that under the law of the state of Massachusetts, a

partnership is not a legal entity which may sue or be sued as such, but proceedings by and

against partnerships must be brought by or against all the partners. Randle v. Spectran, 129

F.R.D. 386, 388 (D. Mass. 1988). *See also,* Berube v. Brister, 149 F.R.D. 258, 261 (D.R.I.

1992); Massachusetts Practice, Civil Practice, Volume 9, § 160.

---

[3] The 2007 additions to the fictitious name registration are admissible as subsequent remedial measures.

Based on all of the foregoing, Plaintiff sued the Rubinsteins despite the fact that it knew that it lacked capacity to sue them and their conduct was accordingly vexatious.[4] Accordingly, Defendants will move to dismiss this action and seek sanctions.

### 2. Venue Pursuant to 28 U.S.C. Section 1391(a) Is Appropriate Either in This District Or The Eastern District of Pennsylvania

In a civil action founded solely on diversity of citizenship, venue is proper "in the judicial district in which all plaintiffs reside or all defendants reside, or in which the claim arose." 28 U.S.C. Section 1391(a). To the extent that Plaintiff operates under the name of "Berman DeValerio Pease Tabacco Burt & Pucillo" and purports to be a "general partnership" in Massachusetts, venue is, therefore, appropriate in this district. Both Defendants are residents of the state of Pennsylvania. (Docket Entry # 1, complaint attached thereto as Exhibit A). Venue is, accordingly, also proper in the Eastern District of Pennsylvania. The Rubinsteins further contend

---

[4]     Defendants have averred that Plaintiff's partners in Boston pressured them to create an LLC, similar to its other offices, for the benefit of the firm to stay under the radar of the New York tax authorities. (Docket #12, Exhibit A, Pennsylvania Complaint, Exhibit 9 and sworn affidavit improperly attached thereto at back of Exhibit "D", Docket Entry # 16 and sworn affidavit attached thereto.) The convoluted structure of the "firm(s)", as set forth above, resonates with Defendants' allegations and also raises ethical and legal issues. Massachusetts Rules of Professional Conduct, in particular 3.3 (Candor to the Tribunal), Rule 7.1 (Communication Concerning a Lawyer's Services), and Rule 7.5 (Firm Names and Letterheads) are implicated.

       "Berman DeValerio Pease Tabacco Burt & Pucillo's lack of legal identity/existence, as well as its convoluted structure, raises serious issues including questions of where court awarded attorney fees are disbursed to. For example, in the recent *Lernout* case presided over by Judge Saris, will/did the fees go to the nonexistent "Berman DeValerio Pease Tabacco Burt & Pucillo," a purported national law firm with three offices and 30 attorneys, which counsel declared themselves to be in their court submitted resume and which the Court was under the impression they were when appointing them as class counsel? Or, will/did the Court awarded fees in fact go to one of the three related entities such as "Berman, DeValerio & Pease, LLP," who had used the other two entities to enlarge and embellish their credentials by appearing to be a much larger firm than they in fact are? Since Plaintiff's "firm" resume submitted to Judge Saris proclaims Plaintiff to be the national law firm of Berman DeValerio Pease Tabacco Burt & Pucillo with three offices and thirty attorneys in three states, it is likely that, in addition to the Defendants in the instant case, the Court and the Plaintiffs in the *Lernout* case were deceived by this masquerade.

that venue is proper in this alternative forum because the claims arose in that district. (Docket Entry # 9 and sworn affidavit improperly docketed behind Exhibit "D", Docket Entry # #16 and sworn affidavit attached thereto).

### 3.   Transfer Pursuant to 28 U.S.C. Section 1404(a)

The decision to transfer a case to a more convenient forum pursuant to Section 1404(a) is a matter within the discretion of the district court.[5] Princess House, Inc. v. Lindsey, 136 F.R.D. 16 (D. Mass. 1991), *citing* Codex Corp. v. Milgo Electronic Corp., 553 F.2D 735, 737 (1ST Cir. 1977). Such a decision requires a balancing of several factors, including Plaintiff's choice of forum. A presumption in favor of plaintiff's choice of forum exists, and the burden of proving that transfer is warranted rests with the defendant. *Id*., *citing* Berrigan v. Greyhound Lines, Inc., 560 F.Supp. 165, 169 (D.Mass. 1982. The weight accorded to plaintiff's choice depends upon the circumstances of the case. *Id., citing* Air & Water Technologies v. Rawls, No. 89-1847-WF, 1990 WL 5592 (D.Mass. Jan. 10, 1990); Brant Point v. Poetzsch, 671 F.Supp. 2, 5, (D.Mass. 1987).   Where the action might have been brought in the Eastern District of Pennsylvania, transfer is appropriate if it will serve the convenience of the parties and the witnesses and the interests of justice.

Other relevant factors include the convenience of the parties and the witnesses, the possibilities of consolidation and coordination, and the interests of justice. *Id., citing* Norman v. Brown, Todd & Heyburn, 693 F.Supp. 1259, 1261 (D.Mass. 1988); Sea Hunt Corp. v. O.S.

---

[5] Title 28 U.S.C. Section 1404(a), authorizing change of venue, provides in pertinent part:

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action or any other district or division where it might have been brought. 28 U.S.C. Section 1404(a).

DeBraak Ltd., No. 86-2758-MA, 1986 WL 15476 (D.Mass. Dec. 23, 1986). The court must consider the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify. *Id., citing* Brant Point v. Poetzsch, 671 F.Supp., supra, at 3-4. A party seeking transfer on this basis must, therefore, specify the key witnesses to be called, accompanied by a general statement as to what their testimony will entail. *Id.* at 4 (citing Factors, Etc., Inc. v. Pro Arts, Inc. 579 F.2d 215, 218 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979)). Consistent with these requirements, the Rubinsteins have filed affidavits listing critical witnesses and their anticipated testimony. (Docket Entry # 9 and sworn affidavit improperly docketed behind Exhibit "D", Docket Entry # 16 and sworn affidavit attached thereto).

### a) Convenience of the Witnesses: The Magistrate Judge Failed to Acknowledge the Importance of Nonparty Witnesses And Challenged The Admissibility and Relevance of Their Testimony

Non-party witnesses are given more weight in the transfer analysis than the party witnesses and their employees. *See* State Street Capital Corp. v. Dente, 855 Supp. 192, 197 (S.D. Tex 1994) "it is the convenience of non-party witnesses rather than of party witnesses that is accorded greater weight in a transfer of venue analysis." *See also* Aquatic Amusement Associates Ltd. v. Walt Disney World Co., 734 F. Supp. 54, 57 (N.D.N.Y. 1990).

Despite the clear materiality of the proposed testimony of the Rubinsteins' prospective witnesses, Magistrate Judge Sorokin questions the admissibility and relevance of the Rubinsteins' witnesses. (Docket Entry # 41 p. 21-23). However, such an analysis is speculative, not persuasive, and improper. *See* Brant Point v. Poetzsch, 671 F.Supp. at 4 (attempt to determine admissibility of apparently relevant testimony of defendants' witnesses is premature in

examination of convenience of witnesses pursuant to § 1404(a)); Hotel Constructors, Inc. v. Seagrave Corp., 543 F.Supp. 1048, 1051 (N.D.Ill.1982) (speculation as to whether testimony of witnesses would in fact be cumulative is inappropriate in deciding motion to transfer).

With regard to the nature and quality of the trial testimony, the anticipated testimony of the Rubinsteins' non-party witnesses is relevant to (1) refute that the Rubinsteins took confidential and proprietary information, business practices, and analytical methods back with them when they returned to Coughlin Stoia and that such would somehow benefit Coughlin Stoia. (Docket Entry #1, Exhibit "A", para.12), (2) refute that Rubinsteins conspired with Coughlin Stoia in breach of the agreement with Plaintiff in the context of their deciding to return to Coughlin Stoia and to bring clients with them to Coughlin Stoia (Docket Entry #1, Exhibit "A", para. 16, 17) (3) support Defendants' defamation and interference with contractual relations claim concerning Coughlin Stoia partners', Darren Robbins and Patrick Coughlin's, receipt of Mr. DeValerio's defamatory letter and their understanding of its defamatory content. (Docket #12, Exhibit A, Pennsylvania Complaint).[6]

Given that Plaintiff alleges that the Rubinsteins engaged in a course of conduct designed to undermine Plaintiff and undercut its business and contractual opportunities, the testimonial evidence by the Rubinsteins' non-party witnesses is essential in that it goes to the central factual issues of the Plaintiff's case in Massachusetts as well as the Pennsylvania action. For example, who better to refute the allegation that the Rubinsteins conspired with Coughlin Stoia than partners at Coughlin Stoia, Darren Robbins and Patrick Coughlin, with whom the Rubinsteins are accused of conspiring? (Docket Entry #1, Exhibit "A", para. 16, 17.)  But for the testimony of Coughlin Stoia partners how can the Rubinsteins refute that they took confidential and

---

[6] A full list and discussion of Defendants' witnesses and their proposed testimony is attached in an affidavit hereto.

proprietary information, business practices, and analytical methods back with them when they returned to Coughlin Stoia and that such would somehow benefit Coughlin Stoia? (Docket Entry #1, Exhibit "A", para.12). In addition, testimony by Coughlin Stoia is crucial in Defendants defamation case pending in Pennsylvania. Who would be better positioned to testify to receipt of Plaintiff's defamatory communication than the Coughlin Stoia partners, Darren Robbins and Patrick Coughlin, who received the communication? (Docket #12, Exhibit A, Pennsylvania Complaint).

It is widely known in the securities class action industry that Mr. Robbins of Coughlin Stoia personally coined the phrase "portfolio monitoring." Given such, he also has expert knowledge and understanding of portfolio monitoring programs, both used by his firm and widely in the industry, and can support Rubinsteins' contention as to the inadequacy of Plaintiff's "monitoring program." (Docket #12, Exhibit A, Pennsylvania Complaint).

Plaintiff's itself has identified nine (8) non-party witnesses that are amenable to judicial process in the Eastern District of Pennsylvania but not in this District. Specifically, Plaintiff has identified five attorneys in Philadelphia – Gregory T. Magarity, Esquire and three partners at Conrad O'Brien Gellman & Rohn, P.C.; Patrick Coughlin a partner at Coughlin Stoia with offices in New York, Philadelphia and California; and three partners at the New York City law firm of Kaplan, Fox & Kilsheimer, LLP[7];[8]

---

[7] It is *highly* questionable that any parties of Kaplan, Fox will testify favorably for Plaintiff especially given that Kaplan, Fox represented Frank Farina, Esquire of Philadelphia, in a lawsuit brought by Plaintiff against him. Farina is a witness for Plaintiff in this case, and, another former Of Counsel to Plaintiff, who was sued by Berman, DeValerio & Pease, LLP, Norman Berman and Glen DeValerio for $99,999.000. See Exhibit "A" attached hereto. Farina, like Defendants, was first sued in Massachusetts state court and, like Defendants, removed the action to federal court.

[8] See Plaintiff's Initial Disclosures, redacted for confidentiality, dated February 15, 2008, attached hereto as Exhibit "B".

**b) The Magistrate Judge Failed to Acknowledge The Unavailability of Judicial Process In Massachusetts To Compel The Attendance Of The Rubinsteins' Witnesses As A Sufficient Basis For Transfer**

The court should also consider whether the witnesses can be compelled to testify in either the transferor or the transferee district. <u>Princess House, Inc. v. Lindsey</u>, 136 F.R.D. 16 (D. Mass. 1991) *citing* <u>Brant Point v. Poetzsch</u>, 671 F.Supp. at 4. The Rubinsteins have sworn, under penalty of perjury, that compulsory process is necessary to ensure the appearance of witnesses as they believe that the critical witnesses will refuse to appear in this court to testify. (Sworn Affidavit attached hereto as Exhibit "H"; Docket Entry # 9 and sworn affidavit improperly docketed behind Exhibit "D", #16.).

Moreover, these critical witnesses cannot be compelled to testify in this district. It is well settled that a court should procure live testimony of material non-party witnesses at trial rather than being forced to rely upon deposition evidence. *Id.* "This is especially so when the 'qualitative value' of the witnesses' testimony is high." *Id.* (citation omitted). If this action remains in this district, the greatest portion of the Defendants' case will consist of deposition evidence. Where, as here, the testimony of the Rubinsteins' witnesses is significant insofar as it directly refutes the allegations set forth in the Massachusetts complaint and supports those in the Pennsylvania complaint, transfer to the Eastern District of Pennsylvania is appropriate.

The Rubinsteins have averred, under penalty of perjury, that they believe that compulsory process is necessary to bring critical witnesses to Massachusetts for trial. (Sworn Affidavit attached hereto as Exhibit "H"; Docket Entry # 9 and sworn affidavit improperly docketed

behind Exhibit "D", Docket Entry #16 and sworn affidavit attached thereto) The Rubinsteins intend to call fourteen witnesses[9], all within or with offices within, the subpoena power, 100 mile radius, of the Eastern District of Pennsylvania. These witnesses consist of two attorneys practicing in San Diego with offices in Manhattan and Philadelphia, one attorney practicing in Melville, New York, with offices in Manhattan and Philadelphia; six attorneys practicing in New York City; an Investigator in the New York Department of Tax and Finance; damage witnesses located in Pennsylvania and New York; a CPA located in New Hope, PA; an attorney in Philadelphia; an office manager at Plaintiff's former firm location in New York City (Docket Entry # 9 and sworn affidavit improperly docketed behind Exhibit "D", Docket Entry #16 and sworn affidavit attached thereto).

Finally, Plaintiff itself has listed nine (9) witnesses who are within the subpoena power of the United States District Court for the Eastern District of Pennsylvania, but <u>not</u> this District. Plaintiff's remaining witnesses are not amenable to judicial process of this jurisdiction. They are five attorneys in Philadelphia – Gregory T. Magarity, Esquire and three partners at Conrad O'Brien Gellman & Rohn, P.C.; Patrick Coughlin a partner at Coughlin Stoia with offices in

---

[9] The witnesses and their proposed testimony are listed in the sworn affidavit attached as Exhibit "H. <u>Darren Robbins</u>, named partner at Coughlin, Stoia, Geller, Rudman & Robbins in San Diego, with additional offices in Philadelphia and Manhattan; <u>Patrick Coughlin</u>,. Chairman and named partner of Coughlin, Stoia, Geller, Rudman & Robbins in San Diego and Los Angeles, with additional offices in Philadelphia and Manhattan; <u>Sam Rudman</u>, named partner at Coughlin, Stoia, Geller, Rudman & Robbins in Melville, New York, with additional offices in Philadelphia and Manhattan; <u>Randy Bandman</u>, partner at Coughlin, Stoia, Geller, Rudman & Robbins in New York City; <u>Sean Coffee</u>, partner at Bernstein Litowitz Berger & Grossmann in New York City; <u>Gerry Silk</u>, partner at Bernstein Litowitz Berger & Grossmann in New York City; <u>Mel E. Lifshitz</u>, named partner at Bernstein Liebhard & Lifshitz in New York City; <u>Sandy Liebhard</u>, named partner at Bernstein Liebhard & Lifshitz in New York City; <u>Fred Isquith</u>, partner at Wolf Haldenstein Adler Freeman & Herz in New York City; <u>Richard Devoe</u> Investigator of the New York Department of Tax and Finance; <u>Damage witnesses</u> located in Pennsylvania and New York; <u>Cathy Ponist</u> of New Hope, PA; <u>Frank Farina</u>, Esquire of Philadelphia suburbs; and <u>Stephanie Ortalano</u> of Manhattan Business Center in New York City .

New York, Philadelphia and California; and three partners at the New York City law firm of
Kaplan, Fox & Kilsheimer, LLP[10],[11]

### c) The Magistrate Judge Erred in His Interpretation of F.R.C.P. 45

The Magistrate Judge errs when he concludes that the mere fact that Coughlin Stoia has
an office in a given state does not render all its employees or partners subject to subpoena in that
state. (Docket Entry #41, pp. 22-23) As Rule 45 requires "delivering a copy [of the subpoena for
a non-party] to the named person." However, the only limitation upon service under *Rule 45* is
that the procedure employed be reasonably calculated to give the non-party actual notice of the
proceedings and an opportunity to be heard. *See* <u>Mullane v. Central Hanover Bank & Trust Co.</u>,
339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950) (holding that due process permits service of
process by mail so long as such service provides "notice reasonably calculated ... to apprise
interested parties of the pendency of the action"); <u>In Re Shur</u>, 184 B.R. 640, 644 (E.D. N.Y.
1995)] Service upon Defendants' perhaps most critical witnesses – Darren Robbins and Patrick
Coughlin – of the San Diego office of the Coughlin firm would be made at the firm's New York
City office. Indeed, Plaintiff itself has listed Patrick Coughlin as a witness. See Exhibit "B"
attached hereto. Other non-party witnesses listed in Defendants' affidavit attached hereto have
offices in New York or Philadelphia. See Defendants' sworn affidavit attached as Exhibit "H"
attached hereto. Such service would constitute notice reasonably calculated to give non-parties
actual notice of the proceedings and an opportunity to be heard to the non-party witnesses.

---

[10] It is *highly* questionable that any parties of Kaplan, Fox will testify favorably for
Plaintiff especially given that Kaplan, Fox represented Frank Farina, Esquire of
Philadelphia, in a lawsuit brought by Plaintiff against him. Farina is a witness for Plaintiff in
this case, and, another former Of Counsel to Plaintiff, who was sued by Berman, DeValerio
& Pease, LLP, Norman Berman and Glen DeValerio for $99,999.000 .See Exhibit "E"
attached hereto.

[11] See Plaintiff's Initial Disclosures, redacted for confidentiality of Plaintiff, dated
February 18, 2008, attached hereto as Exhibit "B".

d) **The Magistrate Judge Erred In Not Considering the Costs of Obtaining Witnesses**

The Magistrate Judge fails to consider the cost of obtaining the presence of the witnesses in analyzing the convenience of witnesses. Princess House, Inc. v. Lindsey, 136 F.R.D. 16 (D. Mass. 1991) *citing* Coats Company, Inc. v. Vulcan Equipment Company, Ltd., 459 F.Supp. 654, 656 (N.D. Ill. 1978). The cost of travel and lodging of the witnesses to be called by the Rubinsteins to testify in their behalf at a Massachusetts trial would be great. The Rubinsteins aver that none of the critical witnesses would be willing to incur these expenses personally. (See Supplemental Affidavit attached hereto). The Rubinsteins have stated, under penalty of perjury, that they, themselves, do not have the resources to satisfy the financial burden of this litigation. *Id., citing* Galonis v. NBC, 498 F.Supp. 789, 793 (D. N.H. 1980) (taking into account financial strength of parties). Even if the Rubinsteins could afford to pay these expenses, they believe the witnesses would not agree to travel to Massachusetts because of the major disruption it would cause to their daily schedules, i.e. loss of income due to absence from work and the financial burden of traveling. City (Docket Entry # 9 and sworn affidavit improperly docketed behind Exhibit "D", Docket Entry #16 and sworn affidavit attached thereto, Supplemental Affidavit attached hereto as Exhibit "H".). This consideration certainly supports transfer for the convenience of the witnesses.

e) **The Alleged Wrongful Acts Occurred in Pennsylvania and New York**

All of the alleged wrongful acts would have had to occur in Pennsylvania and/or New York, because those are the only regions (besides overseas) in which the Rubinsteins conducted

business for Plaintiff. Even Plaintiff's pleadings fail to state that the events that led to Defendants allegedly taking confidential and proprietary information, business practices, and analytical methods back with them when they returned to Coughlin Stoia  (Docket Entry #1, Exhibit "A", para.12), and conspiring with Coughlin Stoia in breach of the agreement with Plaintiff in the context of their deciding to return to Coughlin Stoia and to bring clients with them to Coughlin Stoia transpired anywhere but in Pennsylvania and New York. (Docket Entry # 1, Exhibit A attached thereto.).  The operative facts of this case, as reviewed above, have significant connections with the state of Pennsylvania and New York. In fact, Plaintiff itself intends to call nine (9) non-party witnesses in total from either New York or Philadelphia who are amenable to service of process in the Eastern District of Pennsylvania but not in this District.

### IV.	CONCLUSION

In conclusion, because: (1) Plainitff's standing to bring this case in this district is highly questionable; (2) the Eastern District of Pennsylvania is a more convenient forum for all of the Rubinsteins' non-party witnesses, who are exclusively nonparties, in terms of time, expense, and most importantly, amenability to judicial process; (3) the plaintiff's employee witnesses who are its employees, will presumably appear to testify at their employer's direction, and will be no more inconvenienced by a trial in Pennsylvania than in Massachusetts. (4) Plaintiff itself has listed nine (9) non-party witnesses who are not amenable to judicial process in this jurisdiction. They are five attorneys in Philadelphia – Gregory T. Magarity, Esquire and three partners at Conrad O'Brien Gellman & Rohn, P.C.; Patrick Coughlin a partner at Coughlin Stoia with offices in New York, Philadelphia and California; and three partners at the New York City law

firm of Kaplan, Fox & Kilsheimer, LLP; law firm in Manhattan[12]; and (4) the interests of justice weigh in favor of transfer; Defendants' Motion to Transfer Case to the Eastern District of Pennsylvania should accordingly be granted.


Dated: February 19, 2008                          Respectfully submitted,

                                                  _/s/ Susan Boltz Rubinstein_____
                                                  Susan Boltz Rubinstein, Pro Se


                                                  _/s/ Eran Rubinstein_____
                                                  Eran Rubinstein, Pro Se

---

[12] See Initial Disclosure, redacted for confidentiality of Plaintiff, dated February 18, 2008, attached hereto as Exhibit "B".